NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHIYIN GUO,<br><br>     Petitioner,<br><br> v.<br><br>WILLIAM BARR, Attorney General,<br><br>     Respondent. | No. 19-72189<br><br>Agency No. A206-047-867<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2020[**]
Honolulu, Hawaii

Before: WALLACE, BEA, and BENNETT, Circuit Judges.

Shiyin Guo, a native and citizen of the People's Republic of China, petitions

for review of a Board of Immigration Appeals (BIA) decision affirming an order by

an immigration judge (IJ) denying Guo's application for asylum, withholding

of removal, and relief under the Convention Against Torture (CAT). In doing so,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

1

Guo challenges the BIA's decision to affirm the IJ's adverse credibility determination based on Guo's inconsistencies, omissions, and falsehoods. Guo also challenges the IJ's finding that the totality of circumstances casts doubt on the veracity of the foreign documents Guo offered in support of his application.

We have jurisdiction under 8 U.S.C. § 1252 and review factual findings, including adverse credibility determinations, for substantial evidence, applying the standard created by the REAL ID Act. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (reviewing denial of asylum, withholding of removal, and CAT claims for substantial evidence and explaining that "we must uphold the agency determination unless the evidence compels a contrary conclusion"); *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010) (reviewing adverse credibility determination under substantial evidence standard). "Where, as here, the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review [the] decisions" from both the IJ and BIA (collectively, the "Agency"). *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016).

1.     To support an adverse credibility determination, the IJ must consider all relevant factors in light of the totality of circumstances, including the following:

> the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and

2

considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements.

8 U.S.C. § 1158(b)(1)(B)(iii). "We must uphold an adverse credibility determination 'so long as even one basis is supported by substantial evidence.'" *Lizhi Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019) (quoting *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011)).

Here, the Agency identified four distinct discrepancies that undermined Guo's credibility. First, the Agency found that Guo provided an inconsistent and implausible explanation regarding a bail receipt, which Guo had offered to demonstrate that he had been arrested for religious activity and thus suffered persecution. When the Asylum Officer asked whether he could provide any type of bail receipt, Guo answered, "There is no [sic] this kind of receipt, but they did ask me to sign a promise kind of letter [not to worship again]." Later, however, Guo produced a bail receipt. When asked why he had initially told the Asylum Officer that no such receipt existed, Guo first claimed that he simply "forgot to ask my father" for it, but then claimed that he "didn't know there was such a receipt" at the time of the interview with the Asylum Officer. Notwithstanding Guo's inconsistent explanations, his father's letter submitted in support further undermines Guo's

3

credibility: while Guo's father mentioned the promise letter that Guo was forced to sign, he never mentioned forwarding or even receiving a bail receipt.

Second, the Agency found an inconsistency in Guo's testimony that the police had warned him against hosting religious gatherings in December 2010, about a year before the police ultimately arrested him. Guo did not mention this warning in either of the two declarations he submitted in support of his asylum application. Although he mentioned it in an interview with the Asylum Officer, neither his father's letter nor his church friend's letter corroborated Guo's testimony about the December 2010 warning. *Cf. Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (upholding adverse credibility determination because letters in support were not sufficient to rehabilitate petitioner's inconsistent testimony).

Third, Guo initially omitted that he had continued to worship in China even after his arrest. In his first declaration submitted with his asylum application, Guo did not offer any details on worshipping in China after his arrest. Indeed, Guo stated only that the arrest "brought forth a tremendous impact to my life. After I went home, I felt very upset because the government had stripped away my belief and freedom. . . . In order to avoid police's future persecution, I obtained a U.S. visa . . . ." But in his second, much more abbreviated declaration submitted before his interview with the Asylum Officer, Guo explained with specificity that he had continued to worship secretly at Xinliang He's home in Jiudian Village until

4

departing for the United States. Citing the inconsistency, the IJ reasonably observed that Guo's first declaration "reads as though his arrest completely prevented him from participating in Christian activities or worshipping with other believers."

Finally, the Agency considered in light of the totality of circumstances that Guo submitted false information in all three of his visa applications. Guo does not dispute this finding. In fact, he admitted to the Asylum Officer that "[o]nly my passport was true and the rest of all information is false." Instead, Guo simply argues that because the Agency's determinations regarding his inconsistencies and omissions were erroneous, these falsehoods alone cannot support an adverse credibility finding. Because we disagree with the former premise, we must disregard the latter as these falsehoods do not stand alone. *See Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011) (holding that substantial evidence supported adverse credibility determination and explaining that "lies and fraudulent documents when they are no longer necessary for the immediate escape from persecution do support an adverse inference"). Accordingly, considering the totality of the circumstances, substantial evidence supports the Agency's adverse credibility determination.

2.     In light of the Agency's adverse credibility finding, the evidence in the administrative record does not compel the conclusion that Guo has met his burden to establish past persecution or a well-founded fear of future persecution to render

5

him eligible for asylum or withholding of removal.[1] Guo argues that his documentary evidence—particularly, a bail receipt, detention warrant, and release certificate—independently supports his claim of persecution. These documents certainly relate to the critical issue whether Guo was arrested for his religious activity. But the Agency discounted the weight of these documents based on Guo's "history of submitting past documents, his inconsistent testimony regarding the existence of these documents, and the lack of evidence authenticating the documents or establishing their chain of custody." Indeed, the IJ perceptively pointed out that Guo's "sudden discovery of their existence" contradicts his "seeming insistence to the [Asylum Officer] that he was not given any sort of receipt but only had to sign a promise letter." This unresolved inconsistency undermines the authenticity of these documents. *See Vatyan v. Mukasey*, 508 F.3d 1179, 1185 (9th Cir. 2007) (explaining that although "an IJ *may* consider a petitioner's testimony in support of authentication," IJs "retain broad discretion to accept a document as authentic or not based on the particular factual showing presented"). Because we hold that the evidence does not compel us to conclude otherwise, we uphold the Agency's decision to deny Guo's application for relief. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (upholding adverse credibility determination and thus

---

[1] Guo does not appeal from the IJ's decision to deny his application for relief under CAT.

upholding denial of asylum because "[i]n the absence of credible testimony, the record does not compel the conclusion" that petitioner met her burden).

Petition **DENIED**.